IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

STEFAN DELAINE DAVIS,            )
                                 )
            Petitioner,           )
                                 )
       v.                        )    1:07CV541
                                 )    1:04CR375-1
UNITED STATES OF AMERICA,        )
                                 )
            Respondent.           )

### MEMORANDUM OPINION AND RECOMMENDATION
### OF MAGISTRATE JUDGE ELIASON

Petitioner Stefan Delaine Davis, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 41.)[1] Petitioner was originally indicted on one count of possession with intent to distribute 8.3 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), one count of possession with intent to distribute 37.6 grams of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), one count of carrying a firearm during and in relation to drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A)(i), and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket No. 1.) He later pled guilty to the cocaine base charge and both of the firearms charges. (Docket No. 20.) Petitioner was sentenced to 92 months of imprisonment on the cocaine base charge, a consecutive 60 months of imprisonment for the conviction under § 924(c), and a concurrent 92 months of

---

[1]This and all further cites to the record are to the criminal case.

imprisonment for the felon in possession of a firearm charge. (Docket No. 29.)

Petitioner did pursue a direct appeal, but was ultimately unsuccessful. (Docket Nos. 34, 35.) He then filed his current motion under § 2255. (Docket No. 41.) Following a response by Respondent (Docket No. 44) and a reply by Petitioner (Docket No. 48), the Court ordered further briefing and evidentiary submissions by the parties (Docket No. 49). That further briefing is now complete (Docket Nos. 50, 52) and Petitioner's § 2255 motion is now ready for a decision.

## DISCUSSION

### Claim One

Petitioner's first claim states that his § 924(c) conviction is invalid because there was not a valid factual basis for his guilty plea to that charge. Although Petitioner was driving a vehicle that contained drugs and a gun, he claims that he did not know that the gun was present until he was pulled over by police officers and a passenger produced the firearm and placed it in the glove box of the car. This was a claim he made at the suppression hearing. (Docket No. 32, Suppression Hrg. Partial Tr. at 41-42.) However, the officers testified that Petitioner admitted the gun was already in the glove box and merely pushed it further in. (Id. at 51.) The Court found the officer's testimony more credible. (Id. at 54; and Docket No. 22.) He also states that the conviction is invalid because he asked his attorney to have the gun fingerprinted, but it was not. In his reply brief, he additionally

faults his attorney for advising him that it would be difficult to receive a reduction for acceptance of responsibility if he went to trial.

Petitioner's claim involves an attack on his guilty plea. Therefore, he must meet the very high standards for successfully making such an attack. "When a defendant is represented by counsel when making his guilty plea, that plea is presumed valid when later attacked in a habeas corpus proceeding. In order to rebut that strong presumption of validity, the defendant must make a factual showing that his plea of guilt was not voluntary and intelligent." United States v. Custis, 988 F.2d 1355, 1363 (4th Cir. 1993)(citations omitted). The United States Supreme Court has held that "a defendant cannot overturn a guilty plea on collateral review absent a showing that the Rule 11 proceeding was 'inconsistent with the rudimentary demands of fair procedure' or constituted a 'complete miscarriage of justice.'" United States v. Vonn, 535 U.S. 55, 64 (2002)(quoting United States v. Timmreck, 441 U.S. 780, 783 (1979)). "[S]tatements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing court in accepting a plea constitute a formidable barrier to attacking the plea." United States v. Wilson, 81 F.3d 1300, 1308 (4th Cir. 1996)(citations and internal quotation marks omitted).

Here, Petitioner has certainly made statements denying his knowledge of the gun being in the car. Indeed, he did so prior to pleading guilty when he testified at a pretrial suppression

-3-

hearing. (Docket No. 32, Suppression Hrg. Partial Tr. at 41-42.) However, the judge who later accepted his guilty plea also made findings based on the testimony of officers at the suppression hearing. (Id. at 54; Docket No. 43, Change of Plea Tr. at 34-35; Docket No. 22.) Specifically, he found that when officers stopped Petitioner's vehicle, they activated their blue light and saw Petitioner reaching toward the passenger side of his vehicle. When they also activated their siren, they saw more reaching by Petitioner before he finally stopped the vehicle. (Docket No. 22 at 1-2.) Subsequent to the stop, the vehicle was searched. A loaded clip for a gun was found in the center console. A loaded pistol was found behind the glove box next to powder cocaine. Crack cocaine was found in Petitioner's pants. (Id. at 3-4.) Following his arrest, Petitioner was interviewed by an ATF agent. The agent testified that Petitioner waived his rights, admitted that the gun was his, admitted to stuffing the crack cocaine into the crotch area of his pants, and admitted to reaching over to push the gun further into the glove box of his vehicle. (Id. at 4.) At Petitioner's change of plea hearing, the judge accepting the plea relied on the facts found following the suppression hearing to establish the factual basis for Petitioner's guilty plea.[2] (Docket No. 43 at 34-35.)

---

[2]Additional facts supporting the plea were also contained in a stipulation. (Docket No. 21.) However, those facts are not relevant to Petitioner's present claims. They only state that Petitioner was a convicted felon, that the firearm in the case was made outside North Carolina, and that it functioned as designed.

-4-

If the confession were ignored, the factual basis for Petitioner's guilty plea would perhaps not be as strong as those in some other cases. Yet, even without the confession, it is sufficient to pass muster under the standards set out previously. The elements for Petitioner's § 924(c) conviction, as explained to him at his change of plea hearing, were that he carried a firearm during and in relation to the drug crime of possession with intent to distribute crack cocaine. (Id. at 27.) The evidence relied on as a factual basis showed that Petitioner reached across his car to push the gun into or behind the glove box on more than one occasion, that the clip to the gun was still in the center console of the car, and that the gun belonged to Petitioner. He also pled guilty to possessing crack cocaine with intent to distribute at the time. While Petitioner now states that he was not aware of the presence of the gun until after the police officers activated their blue lights to stop his car, he did not state this at the time he pled guilty. More importantly, the inferences from Defendant's actions and the fact the ammunition clip was found in the console readily support the findings that he also knew the gun was there at all times. In these circumstances, no "complete miscarriage of justice" occurred when the factual basis was accepted in Petitioner's case.

The real heart of Petitioner's claim is that he now wishes to contest the point of whether or not he knew about the presence of the gun in the car prior to the activation of the blue light. An issue inferentially decided against him at the suppression hearing.

However, for several reasons, he cannot. First, Petitioner chose to plead guilty rather than contest the point at trial. He cannot simply change his mind and file a § 2255 motion to try the issue now. Second, his current statements, which are merely a reiteration of his suppression hearing testimony, are not sufficient to overcome the "formidable barrier" of his guilty plea. Finally, to the extent that his current statements might raise any doubts at all about his guilt, Respondent has submitted evidence in rebriefing that Petitioner actually admitted using the gun to protect his drug dealing. This appears in a synopsis of Petitioner's interview with the ATF agent. Petitioner told the agent that the gun was his, but that his passenger knew it was in the car. Further, he told the agent that "he always had his gun close by for protection" when dealing drugs because he had been shot in the past. He added that he sometimes kept the gun on his person and sometimes kept it in the car, but that "he would never get too far away from his car so he could get to his gun quickly if he needed it."[3] (Docket No. 50, Ex. B.) His attorney was well aware of this report and confession. (Id., Ex. A.) Had Petitioner gone to trial, these statements would have been used against him and he would likely have lost his acceptance of responsibility and received an even longer sentence. Petitioner has failed to explain why he would have pursued this losing and disastrous strategy. He had plenty to say at his sentencing hearing about how unfair it was

---

[3] Petitioner now argues that he was referring to other times and not the day that he was arrested when he made the statements about having the gun close for protection. Nothing in the agent's report indicates that this was so.

-6-

that he received all of the prison time for the gun and drugs (Docket No. 30, Sentencing Tr. at 19), but not a word about wanting to withdraw his guilty plea. All of this defeats any claim he now makes that his guilty plea somehow resulted in a miscarriage of justice.

In addition to attacking his guilty plea directly, Petitioner's first claim for relief also criticizes the conduct of his attorney. To prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

To the extent that Petitioner claims his attorney erred by allowing his plea to proceed based on an inadequate factual basis,

-7-

this claim clearly fails. As discussed above, the factual basis was not inadequate. Moreover, had the attorney challenged the factual basis, Respondent would only have answered the challenge by submitting Petitioner's further statements regarding his habitual possession of firearms while dealing drugs. Counsel was aware of these statements and, therefore, had ample reason not to raise the futile issue. (Docket No. 50, Ex. A. at 3.) He did not provide ineffective assistance of counsel by failing to challenge the factual basis for Petitioner's guilty plea.

Petitioner also asserts that counsel failed him by not having the firearm fingerprinted. Petitioner believes that his fingerprints would not have been on the weapon, thereby demonstrating that he did not touch the gun to put it behind the glove box on the day of his arrest. There is a factual dispute between Petitioner and his former attorney as to whether Petitioner ever asked him to have the gun fingerprinted. However, this dispute is irrelevant because the decision not to have the gun fingerprinted does not amount to ineffective assistance of counsel.

As counsel notes in his affidavit, Petitioner has always admitted that he was the owner of the gun and that he purchased it in the weeks prior to his arrest. Therefore, whether or not he touched it on the day of his arrest, his fingerprints could well have been found on the gun. Such a result would not have aided Petitioner. (Id. at 2.) Second, a person can often touch objects without leaving any detectable fingerprints. United States v. Burdeau, 168 F.3d 352, 356-57 (9th Cir. 1999)(discussing testimony

that there are several reasons why fingerprints may not be found on objects and that they are "almost never" found on firearms).  In other words, a positive result on the fingerprint test could only have harmed Petitioner's case since he claimed someone touched it after him, and a negative result would have meant little or nothing.  Also, Petitioner's confession to the ATF Agent made fingerprinting irrelevant. Given these circumstances, Petitioner's attorney did not provide ineffective assistance of counsel by not pursuing the risky course of having the gun tested for fingerprints.

Finally, Petitioner makes a claim that his attorney advised him that, if he went to trial, it would be difficult for him to later receive a reduction in his sentencing level for acceptance of responsibility.  While such a reduction is not invariably foreclosed by trial, any advice that receiving the reduction would be made difficult by trial was absolutely correct. United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995)(it is "rare" to receive an acceptance of responsibility adjustment following trial).  Petitioner cannot raise a claim based on any such advice. For the reasons discussed, all of the allegations raised in Petitioner's first claim for relief fail to state any meritorious claim.  His first claim for relief should be denied.

### Claim Two

Petitioner's second claim for relief alleges that he was provided with ineffective assistance of counsel at sentencing because a traffic ticket that was dismissed before he was indicted

was improperly counted as one point of his criminal history score. A review of Petitioner's Presentence Report (PSR) shows that his criminal history category was VI based on a criminal history score of 15. (PSR ¶ 36.) Even if one point of the score was incorrect, a score of 14 would still have left Petitioner with a criminal history category of VI because only 13 points are required for that category. For this reason, Petitioner cannot have been prejudiced by any failure to object by counsel.[4,5] His claim should be denied.

### Claims Three and Four

Petitioner's third and fourth claims for relief are based on a single assertion of fact which is demonstrably false based on the record before the Court. Petitioner claims that an initial PSR was prepared which recommended a sentence of 57 to 71 months of imprisonment on his drug charges. He asserts that, based on this promised range and promises from his attorney that he would receive the mandatory minimum of 60 months on the drug charge plus a consecutive 60 months on his weapons charge, he then pled guilty. He states that a second PSR was then prepared and given to him

---

[4]This is not to say that counsel should have objected or that he would have had any grounds for doing so. The only charge contributing one point to Petitioner's criminal history score is a conviction for driving without a license listed in paragraph 30 of the PSR. The PSR does not say that the charge was dismissed, but actually states that Petitioner pled guilty and received a sentence of 90 days in prison. The imprisonment was suspended in lieu of 24 months of probation. Petitioner has produced nothing to show that this charge was ever dismissed.

[5]Petitioner claims that his criminal history affects his security classification in prison. It is not clear that he could base a § 2255 claim on this or any such claim in this Court, even if true. Still, Petitioner has also produced nothing to show that the fact that he has a minor traffic conviction, as opposed to the multiple felony convictions on his record, is influencing his security classification in prison.

-10-

three or four days before sentencing with a recommended sentence of 92-115 months on the drug charges. Petitioner claims that he then asked to withdraw his plea but was told that he could not. Based on this alleged scenario, Petitioner claims that Respondent breached his plea agreement and that his attorney provided him with ineffective assistance of counsel by advising him prior to his change of plea that he would be sentenced based on the first PSR.

The problem with this confabulation is that no PSR was prepared prior to Petitioner pleading guilty. In fact, no PSR is ever prepared in any case in this Court until after a defendant has pled guilty. Nor was this case an exception. The transcript of Petitioner's change of plea hearing plainly reveals that the judge taking the plea told Petitioner to cooperate with the preparation of the PSR just after accepting his guilty plea.[6] (Docket No. 43 at 35.) Petitioner's repeated assertions in the record that a PSR was prepared prior to his plea of guilty and that it somehow

---

[6] It also reveals that, at the time Petitioner pled guilty, he was specifically advised that he faced a statutory sentence of between five and forty years for his drug charge and that no one could know what his sentence would be because it had not yet been calculated. (Docket No. 43 at 20, 23.) No mention was made of a 57- to 71-month sentence. Counsel states in an affidavit that the PSR distributed on March 17, 2005 listed a sentencing range of 84 to 105 months-- a range that would have included the 92-month sentence that Petitioner eventually received--but that he did give Petitioner an estimated sentencing range of 57 to 71 months early in the case before a plea was entered. This turned out to be wrong because Petitioner provided him with incomplete or incorrect information regarding his criminal history. (Docket No. 44, Ex. 3. at 9-10 and Ex. A.) (Counsel received a revised PSR on April 13, 2005, which listed a sentencing range of 92 to 15 months.) Petitioner cannot show ineffective assistance based on this erroneous estimate both because he provided the information that led to the estimate and, more importantly, because he knew at the time he pled guilty that his possible sentence could be much higher.

-11-

influenced his decision to do so are simply untrue.[7] All claims based on those assertions should be denied.[8]

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 41) be **DENIED** and that Judgment be entered dismissing this action.

/s/ Russell A. Eliason
United States Magistrate Judge

June 6, 2008

---

[7] The Court also notes that the revised PSR setting out a sentencing range of 92 to 115 months of imprisonment was prepared on March 30, 2005, and received by counsel on April 13, 2005. Petitioner's sentencing was not held until April 29, 2005. It was not prepared three or four days prior to sentencing.

[8] Petitioner also makes other allegations, including that his attorney told him that he knew the sentencing judge, that he would get a low sentence even after the so-called second PSR was prepared, and that he could not take back his guilty plea. There is no support for these contentions. However, even if the allegations were true, Petitioner would not have a viable claim. The first two alleged statements would have resulted in nothing more than dashed expectations at sentencing. The second is true so far as the record indicates. There is nothing to show that Petitioner would have had any grounds for withdrawing his guilty plea.